IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE TEJEDA UMANA | § | |
| | § | |
| v. | § | C.A. NO. C-11-063 |
| | § | |
| SIX UNKNOWN NAMES | § | |
| AGENTS, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action filed by a federal inmate pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), who was incarcerated at the Coastal Bend Detention Center in Robstown, Texas. For the reasons stated herein, it is respectfully recommended that the Court dismiss plaintiff's action for failure to prosecute his claims.

## I. BACKGROUND

Plaintiff originally filed his complaint on March 8, 2011. (D.E. 1). On March 10, 2011, a notice of deficient pleading was sent to plaintiff. (D.E. 3). The notice informed him that he must either pay the $350 filing fee, or submit a motion to proceed *in forma pauperis* with a copy of his inmate trust fund account statement. <u>Id.</u> It further informed him that he had twenty days to cure the deficiency. <u>Id.</u> Finally, he was notified that his action could be dismissed for failing to comply with the notice. <u>Id.</u>

On March 31, 2011, an order to show cause as to why plaintiff's action should not be dismissed was issued. (D.E. 5). He was ordered to file a response within twenty days. Id. at 1.

On April 8, 2011, plaintiff's mail was returned from the Coastal Bend Detention Center. (D.E. 6). Moreover, a search of the Bureau of Prisons database reveals no one with either plaintiff's name or identification number. Pursuant to Local Rule 83.4, "[n]otices will be sent only to the address on file." Moreover, "[a] ... pro se litigant is responsible for keeping the clerk advised in writing of the current address." Id. Plaintiff has failed to provide the Clerk of the Court with a new address.

## II.  DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order. Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'" Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988)).

Plaintiff has failed to comply with this Court's orders.  He has neither paid the $350 filing fee, nor filed a motion to proceed in forma pauperis.  Moreover, he did not respond to the order to show cause.  Accordingly, it is respectfully recommended that the Court dismiss his action for failure to prosecute his claim.

### III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court dismiss plaintiff's civil rights action for failure to prosecute.

Respectfully submitted this 21st day of April 2011.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).